# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TINA JOHNSON o/b/o**
**BRET J. THOMPSON a/k/a**
**BRET J. FRAZIER,**

      Plaintiff,

vs.                                                   Civ. No. 01cv271 MV/DJS

**JO ANNE B. BARNHART,**[1]
**Commissioner of Social Security,**

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand filed August 13, 2001. (Docket No. 10). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is not well taken.

---

[1] Jo Anne B. Barnhart was sworn in as Commissioner of Social Security on November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted for Acting Commissioner Larry G. Massanari as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act. 42 U.S.C. §405(g).

**PROPOSED FINDINGS**

**I. PROCEDURAL RECORD**

1. Plaintiff Tina Johnson on behalf of her son Bret Thompson filed an application for benefits on January 13, 1997. Tr. 40-46. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on May 4, 1998. At the hearing, the Plaintiff was represented by an attorney. On October 30, 1998, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 416.924(a)-(d) and <u>Walker v. Apfel</u>, 141 F.3d 852, 853 (8th Cir. 1998):

The claimant has been an adolescent child during the period under review; the claimant had not engaged in substantial gainful activity during the period under review; the claimant alleges that he has the following impairments, Tourette's syndrome, asthma, organic hallucinosis secondary to a seizure disorder, and various other mental disorders; the impairments, either singly or in combination, have not been of such severity as to medically meet or equal any condition in the Listing of Impairments; and the claimants impairments, either singly or in combination, have not been functionally equal to any condition described in the Listing of Impairments. Tr. 14.

2. On the date of the ALJ's decision, Plaintiff was 13 years old. Plaintiff has alleged a disability since birth due to attention deficit hyperactivity disorder, bronchial asthma, Tourette's syndrome, behavioral disorders, obsessive compulsive disorder, anger problems and epilepsy. Tr. 41 and 49. The beginning date under consideration is the date of filing, January 13, 1997. See 20 C.F.R. §416.335. The end date is the date of the ALJ's decision, October 20, 1998.

3. The Plaintiff filed a request for review. Tr. 8. On February 2, 2001, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on August

13, 2001.

## II.  STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)).  A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order for an individual under the age of 18 to qualify for disability insurance benefits a sequential evaluation process is used which is comparable to the five step sequential evaluation used for benefits for adults. 20 C.F.R. §416.924(a).  The first step is a determination of whether the child has engaged in substantial gainful activity.  20 C.F.R. §416.924(b).  The second step involves a determination of whether the impairment, or combination of impairments, is "severe" (a abnormality or combination of abnormalities that causes more than minimal functional limitations).  20 C.F.R. §416.924(c).  The last step involves a determination of whether the child has an impairment or impairments that meet, medically equal, or functionally equal in severity a Listed impairment.  20 C.F.R. §416.924(d).

6. The interim regulations that were in effect at the time of the Commissioner's final decision provide four methods for determining whether the claimant's impairments functionally equal a listed impairment.  The method at issue in this matter is the broad areas of development or

functioning. 20 C.F.R. §416.926a(a)(2). An adolescent between the ages of 12 and 18 is evaluated in the following broad areas of development or functioning: cognitive/communicative development; motor functioning; social functioning; personal functional; and concentration, persistence or pace. 20 C.F.R. §416.926a(c)(5)(v). A child's impairments functionally equals a listed impairment if he has extreme limitations in one area of functioning or marked limitations in two areas of functioning. A marked limitation is characterized as a limitation that is more than moderate but less than extreme. 20 C.F.R. §416.926a(C)(3). It is a limitation that seriously interferes with a child's ability to independently initiate, sustain or complete activities. An extreme limitation is charactered as no meaningful functioning in an area.

### III. DISCUSSION

7. Plaintiff asserts that Bret is functionally disabled. She asserts that Bret has at least marked limitations in two of the six broad domains under the final regulations. The two domains are attending and completing tasks and interacting and relating to others. These domains correspond to the concentration, persistence or pace and social functioning domains under the interim regulations. The ALJ found that Bret had no limitations in concentration, persistence or pace, and less than marked limitations in social functioning. Tr. 19, 20. Further, the ALJ found that Bret had less than marked limitations in cognitive/communicative functioning. Tr. 19.      8.      Plaintiff relied upon her own testimony, teachers' reports and a counselor's report to support her argument. The ALJ properly considered these in his decision. Tr. 14-20.  In discussing Plaintiff's testimony, the ALJ found that it was not supported by the record. Tr. 16. Plaintiff reports that Bret has many symptoms and impairments that are not supported in the record. Plaintiff testified that Bret has seizures, a violent temper, problems with impulsivity and cannot concentrate. The substantial

evidence in the record does not support Plaintiff's assertions. The assertion that Bret had seizures is not supported by the medical record. Bret has had several EEG's and they were all normal. Tr. 155 and 169. In performing a neurological evaluation Dr. Morgan was "highly suspect" that Bret did not have seizures but rather had "pseudo seizures." Tr. 170. Plaintiff reported that Bert had a seizure in December of 1996 while in the hospital for an appendectomy. However, Dr. Morgan found no report of seizure activity in the hospital records. Id. There are no reports from teachers that he has ever had a seizure at school. Tr. 221.

9. Dr. Guillermo Pezzarossi wrote in a letter to Plaintiff's counsel that "there are more questions than there are answers about Bret's difficulties." Tr. 304. He further wrote that Bret has no limitations in the motor area, slight limitations in the cognitive/communication area and moderate limitations in the social, personal, concentration, persistence-pace areas. Tr. 305. With his medications and therapy, Bret's symptoms were improving. Id.

10. Further, the ALJ correctly noted the inconsistencies in Plaintiff's and Bret's statements regarding seizures. Bret testified he was not aware of having seizures. However, he reported to a psychiatrist that he injures himself during seizures. Again, there is no evidence that Bret ever reported an injury due to a seizure.

11. There is no evidence that Bret experienced any problems related to Tourette's syndrome. There was no follow up on this probable diagnosis. Tr. 169. Again, though he appeared to be depressed during his hospitalization in February of 1998 there is no evidence of significant depression before or after.

12. The reports of Bret's teachers do not support Plaintiff's assertions. Early school records in 1995 indicate that at some time Bret had a behavior problem. Tr. 136. However, from

5

at least 1996 to 1998, the records demonstrate that Bret did not have the problems that Plaintiff said he had. In November of 1996, his records from school indicate his intellectual ability was were within the average range. Tr. 125. He got along with most of his peers and did not exhibit any "behavior concerns in structured classroom situations." Tr. 126. His teachers noted that he was not having outbursts of anger and when he became frustrated he was easily diffused. Tr. 15. In April of 1997, Bret's teachers in Colorado did not observe any seizures. Rather, a principal wrote that "when mom comes in with B.J. she sure spends a great deal of time telling us everything we should be seeing that we don't." Tr. 95. Another teacher wrote that "parents-do not do this boys self esteem any favors!" Id. Further, they noted he was doing well in school.

13. In September of 1997, Bret's teachers wrote that he was not overactive, not fighting, he had no temper outbursts, he was not disobedience or easily frustrated and he made no excessive demands for attention. Further, they noted that he was not a discipline problem. His major problems were due to absenteeism and failure to complete homework assignments. Tr. 106-113.

14. Finally, Plaintiff relies on a report by a social worker. Tr. 280-81. As properly noted by the ALJ, this report is not evidence from an "acceptable medical source." Tr. 18; 20 C.F.R. §416.913(a). Though this source may assist the ALJ to understand a claimant's impairments, the ALJ properly did not get it the same significant weight as a physician. Id.; Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir. 2000).

## RECOMMENDED DISPOSITION

I recommend finding that the ALJ did not apply the correct legal standards and his decision is supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative

Decision, filed June 14, 2001, should be **DENIED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period in order to preserve the right of appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**